UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In Re FLEETBOSTON FINANCIAL CORPORATION SECURITIES LITIGATION | : : : : : | Civil Action No. 02-4561 (GEB)  **O R D E R** |

For the reasons set forth in this Court's Opinion filed herewith,

**IT IS ON THIS**   2nd   **day of**           October          , **2008,**

**ORDERED** that the class' counsel's motion for substitution of class representative, Docket Entry No. 113, is denied, and the Estate of Amsterdam-Sr., as represented by Amsterdam-Grandson, is disapproved as the proposed class representative; and it is further

**ORDERED** that Defendants' motion for decertification of the class, stated in Docket Entry No. 119, is denied, and the class will remain conditionally certified subject to the class' counsel's: (a) production of evidence verifying the class' numerosity; and (b) nomination of class representatives meeting the requirements of Rule 23, as detailed in this Court's Opinion filed herewith; and it is further

**ORDERED** that the instant matter is re-qualified into Amsterdam-Sr.'s Estate's individual action of against Defendants and shall be referred to as the "Estate's Matter"; and it is further

**ORDERED** that the Clerk shall terminate all plaintiffs in the Estate's Matter and designate "Amsterdam-Sr.'s Estate" as the sole plaintiff in this matter; and it is further

**ORDERED** that the Clerk shall open a new and separate matter ("New Matter") for the conditionally certified class; the Clerk shall designate: (a) the plaintiff in that New Matter as "Conditionally Certified Class of Certain Former Summit Bancorp Shareholders"; and (b) the defendants in that New Matter as FleetBoston Financial Corporation, Terrence Murray, Charles K.

Gifford, Robert J. Higgins, Henrique C. Mieirelles, Eugene M. McQuade, Ernest L. Puschaver, Joel B. Alvird, William Barnet III, Daniel P. Burnham, Paul J. Choquette, Jr., William F. Connell, Gary L. Countryman, Alice F. Emerson, James F. Hardymon, Marian L. Heard, Robert M. Kavner, Thomas J. May, Donald F. McHenry, Michael B. Picotte, Thomas R. Piper, Thomas C. Quick, Francene S. Rodgers, John W. Rowe, Thomas M. Ryan, Paul R. Tregurtha, William C. Mutterperl and John T. Collins; and it is further

**ORDERED** that the Clerk shall docket in the Estate's Matter the instant Order and the Opinion filed herewith; and it is further

**ORDERED** that the Clerk shall docket in the New Matter the following documents docketed in the Estate's Matter: (a) the amended complaint, Docket Entry No. 14; (b) Judge Bassler's order granting class certification, Docket Entry No. 76; (c) this Court's order and opinion with respect to the issue of the class definition, Docket Entries Nos. 104 and 104; (d) the instant Order and the Opinion filed herewith; and it is further

**ORDERED** that counsel on both sides in the Estate's Matter and in the New Matter shall file with the Clerk, within fifteen days from the date of entry of this Order, a list of all attorneys who are appearing in the Estate's Matter and a list of all attorneys who are appearing in the New Matter, including attorneys admitted in the Estate's Matter pro hac vice; such lists shall detail each attorney's law firm and complete contact information; and it is further

**ORDERED** that, in the Estate's Matter, the attorney(s) for plaintiff Amsterdam-Sr.'s Estate shall, within thirty days from the date of entry of this Order, file an affidavit verifying Amsterdam-Sr.'s Estate's actual existence as of the date of the filing of such affidavit; in the event Amsterdam-Sr.'s Estate has been settled and/or the interests in the losses at issue in the Estate's Matter have

already vested in specific beneficiaries and/or trustees, the attorney(s) for Amsterdam-Sr.'s Estate shall file an application for substitution of Amsterdam-Sr.'s Estate as the plaintiff in the Estate's Matter with those beneficiaries and/or trustees of Amsterdam-Sr.'s Estate who are interested in acting as plaintiffs in the Estate's Matter; and it is further

**ORDERED** that, in the New Matter, the class' counsel is granted leave to propose, within hundred eighty days from the date of entry of this Order, a group of class representatives having no ties connecting them through employ, common ownership, marriage, first or second degree of consanguinity, or joint tenancy in Defendants stock; and it is further

**ORDERED** that, in the New Matter, the class' counsel shall, within hundred eighty days from the date of entry of this Order, provide the Court with evidence verifying the class' numerosity; such evidence must show existence of at least thirty-nine non-hypothetical plaintiffs, and each of these plaintiff must be shown to have standing to sue Defendants by virtue of this plaintiff's ability to trace his/her Exchanged Shares, as defined in the Opinion filed herewith; and it is finally

**ORDERED** that the parties joint motion (stated in Docket Entry No. 119) seeking to postpone Defendants' application for summary judgment in the Estate's Matter until this Court determines that the class in the New Matter satisfies the requirements of Rule 23, is denied; the parties shall file, within thirty days from the date of entry of this Order, their scheduling order as to Defendant's application for summary judgment, provided that such application is still contemplated.

s/ Garrett E. Brown, Jr.  
**GARRETT E. BROWN, JR.**  
**Chief Judge**  
**United States District Court**